**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LINDA SMOLINSKI, KIMBERLY BOURNIVAL, LISA HILL, TROY MALAVÉ, KAREN RINALDI, and MICHELLE FRANCIS,** for themselves and all other similarly situated individuals,<br>    Plaintiffs<br><br>        v.<br><br>**AMERICAN ADJUSTMENT BUREAU, INC.,**<br>    Defendant | : : : : : : : : : : : : : | **CIVIL ACTION NO.:**<br><br><br><br><br><br><br><br><br><br><br><br>**JULY 23, 2018** |

## COLLECTIVE AND CLASS ACTION COMPLAINT

### I. NATURE OF CASE

1. This action is brought to recover unpaid overtime wages, and other monies pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq*. ("FLSA"), and the Connecticut Minimum Wage Act Conn. Gen. Stat. §§ 31-58 *et seq*. ("CMWA") for plaintiffs and all similarly situated persons (*i.e.* Accounts Receivable Customer Service employees) who work or have worked at American Adjustment Bureau, Inc. ("AAB" or "Defendant") during the period of three years prior to the filing of this Complaint—viz., since July 23, 2015.

2. Plaintiffs allege, on behalf of themselves individually and all other similarly situated current and former employees of Defendants who elect to opt into this action, that they are entitled to: (i) compensation for unpaid overtime pay and (ii) liquidated damages, pre- and post-judgment interest, and attorneys' fees and costs pursuant to the FLSA, the CMWA, and Connecticut Common Law.

## II. JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction of this case pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. §§ 1331 and 1337, and has supplemental jurisdiction over plaintiffs' State law claims pursuant to 28 U.S.C. § 1367.

4. Venue is proper in the District of Connecticut under 28 U.S.C. § 1391 as AAB is located within the State of Connecticut.

## III. THE PARTIES

5. Plaintiff Linda Smolinski ("Smolinski") is an adult individual residing in Thomaston, Connecticut. Smolinski was employed by Defendant from February 2013 until May 8, 2017. Smolinski worked in the position of Accounts Receivable Customer Service while employed by Defendant.

6. Plaintiff Kimberly Bournival ("Bournival") is an adult individual residing in Waterbury, Connecticut. Bournival has been employed by Defendant since May 23, 2013. Bournival has worked in the position of Accounts Receivable Customer Service while employed by Defendant.

7. Plaintiff Lisa Hill ("Hill") is an adult individual residing in Thomaston, Connecticut. Hill has been employed by Defendant since September 22, 2014. Hill has worked in the position of Accounts Receivable Customer Service while employed by Defendant.

8. Plaintiff Troy Malavé ("Malavé") is an adult individual residing in Brewer, Massachusetts. Malavé was employed by Defendant from spring 2014 to September 2015. Malavé worked in the position of Accounts Receivable Customer Service while employed by Defendant.

9. Plaintiff Karen Rinaldi ("Rinaldi") is an adult individual residing in Torrington, Connecticut. Rinaldi was employed by Defendant from February 2014 to June

2018. Rinaldi worked in the position of Accounts Receivable Customer Service while employed by Defendant.

10. Plaintiff Michelle Francis ("Francis") is an adult individual residing in Naugatuck, Connecticut. Francis has been employed by Defendant since July 6, 2015. Francis has worked in the position of Accounts Receivable Customer Service while employed by Defendant.

11. Defendant American Adjustment Bureau, Inc. is a Connecticut Corporation with a principal place of business located at 317 King Street, Naugatuck. AAB is a self-paying billing and collection agency servicing doctors' offices and hospitals.

12. At all times relevant to this action, AAB has been an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

13. During the relevant period, American Adjustment Bureau, Inc. has had employees engaged in commerce or in the production of goods for commerce and handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

14. During the relevant period, American Adjustment Bureau, Inc. has had an annual gross volume of sales in excess of $500,000.

15. At all relevant times, Defendant AAB has been an "employer" within the meaning of Conn. Gen. Stat. Section 31-58(d).

## IV. COLLECTIVE ACTION ALLEGATIONS

16. The claims in this Complaint arising out of the FLSA are brought by plaintiffs on behalf of themselves and all similarly situated employees (*i.e.* employees of AAB working in the position of Accounts Receivable Customer Service) who work or have worked at AAB between July 18, 2015 and the date of a final judgment in this matter and elect to opt-in to this action (the "FLSA Collective").

17. Upon information and belief, the FLSA Collective consists of approximately fifty or more similarly situated current and former employees of AAB, who, over the last three years have been victims of defendants' common policy and practices that have violated their rights under the FLSA by, *inter alia*, willfully denying them wages due under the FLSA.

18. At all relevant times, Defendant classified Accounts Receivable Customer Service employees as non-exempt under the FLSA and the CMWA and paid them on an hourly basis.

19. At various times over the past three years, Accounts Receivable Customer Service employees customarily worked more than forty hours per week.

20. Defendants paid Accounts Receivable Customer Service employees on a "per diem" basis of straight time plus an addition four dollars per hour for all hours worked over forty hours per week, rather than paying them at the rate of time and a half for all hours worked over forty hours per week.

21. As part of their regular business practices, Defendant has intentionally, willfully, and repeatedly harmed plaintiffs and the FLSA Collective by engaging in a pattern, practice, and/or policy of violating the FLSA. This policy and pattern or practice includes, *inter alia*, failing to pay plaintiffs and the FLSA Collective the proper overtime wage for all overtime hours worked.

22. Defendants have engaged in this unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation by knowingly violating the FLSA and CMWA.

23. Defendants' unlawful conduct has been intentional, willful, and in bad faith, and has caused significant damage to plaintiffs and the FLSA Collective.

24. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the present lawsuit. Those similarly situated employees are known to defendants, are readily

4

identifiable by defendants, and are locatable through defendants' records. These similarly situated employees should be notified of and allowed to opt in to this action, pursuant to 29 U.S.C. § 216(b).

## V. CLASS ACTION ALLEGATIONS

25. The claims in this Complaint arising out of the CMWA are brought by plaintiffs under Rule 23 of the Federal Rules of Civil Procedure, on behalf of themselves and a class of persons consisting of:

> All current and former Accounts Receivable Customer Service employees of American Adjustment Bureau, Inc., between July 23, 2015 and the date of the final judgment in this matter (the "Rule 23 Class").

26. Excluded from the Rule 23 Class are defendant, defendant's legal representatives, officers, directors, assigns, and successors, or any individual who has, or who at any time during the class period has had, a controlling interest in defendant; the Judge(s) to whom this case is assigned and any member of the Judges' immediate family; and all persons who will submit timely and otherwise proper requests for exclusion from the Rule 23 Class.

27. The Rule 23 Class are so numerous that joinder of all members is impracticable. Upon information and belief, the size of the Rule 23 Class is at least fifty individuals. Although the precise number of such employees is unknown, the facts on which the calculation of that number depends are presently within the sole control of defendants.

28. Defendants have acted or have refused to act on grounds generally applicable to the Rule 23 Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Rule 23 Class as a whole.

29. Common questions of law and fact exist as to the Rule 23 Class that predominate over any questions only affecting them individually and include, but are not limited to, the following:

   a. whether Defendant adequately compensated plaintiffs and the Rule 23 Class for hours worked in excess of 40 per workweek;

   b. whether Defendant failed to keep true and accurate time and pay records for all hours worked by plaintiffs and the Rule 23 Class, and other records required by the CMWA;

   c. whether Defendant's policy of failing to pay workers was instituted willfully or with reckless disregard of the law; and

   d. the nature and extent of class-wide injury and the measure of damages for those injuries.

30. The claims of plaintiffs are typical of the claims of the Rule 23 Class they seek to represent. Plaintiffs and all of the Rule 23 Class members work, or have worked, for Defendant as Account Receivable Customer Service employees at American Adjustment Bureau, Inc. Plaintiffs and the Rule 23 Class members enjoy the same statutory rights, including to be properly compensated for all hours worked. Plaintiffs and the Rule 23 Class members have all sustained similar types of damages as a result of defendants' failure to comply with the CMWA and the Connecticut Common Law. Plaintiffs and the Rule 23 Class members have all been injured in that they have been uncompensated or under-compensated due to defendants' common policies, practices, and patterns of conduct.

31. Plaintiffs will fairly and adequately represent and protect the interests of the Rule 23 Class. Plaintiffs understand that as class representatives, they assume a fiduciary responsibility to the class to represent its interests fairly and adequately. Plaintiffs recognize that as class representatives they must represent and consider the interests of the class just as they would represent and consider their own interests. Plaintiffs understand that in decisions regarding the conduct of the litigation and its possible settlement they must not favor their own interests over the class. Plaintiffs recognize that any resolution of a class action must be in the best interest of the class. Plaintiffs understand that in order to provide adequate representation, they must be informed of developments in litigation, cooperate with class counsel, and testify at deposition and/or trial. Plaintiffs have retained counsel competent and experienced in complex class actions and employment litigation. There is no conflict between plaintiffs and the Rule 23 Class members.

32. A class action is superior to other available methods for the fair and efficient adjudication of this litigation. The Rule 23 Class have been damaged and are entitled to recovery as a result of defendants' violations of the CMWA, the Connecticut Common Law and Conn. Gen. Stat. § 52-564, as well as their common and uniform policies, practices, and procedures. Although the relative damages suffered by individual Rule 23 Class members are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation. The individual plaintiffs lack the financial resources to conduct a thorough examination of defendants' timekeeping and compensation practices and to prosecute vigorously a lawsuit against defendants to recover such damages. In addition, class litigation is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about defendants' practices.
33. This action is properly maintainable as a class action under Federal Rule of Civil Procedure 23(b)(3).

## COUNT ONE: FAILURE TO PAY OVERTIME IN VIOLATION OF THE FAIR LABOR STANDARDS ACT

*(Brought on behalf of Plaintiffs and the FLSA Collective)*

34. Plaintiffs repeat and re-allege all foregoing paragraphs as if fully set forth herein.
35. Defendant is an employer subject to the provisions of *29 U.S.C. 201 et. seq.* (FSLA).
36. Plaintiffs are or have been employees of the Defendant during the statutory period.
37. Plaintiffs were employed by Defendant at AAB's Naugatuck location as Accounts Receivable Customer Service employees. The job duties of Accounts Receivable Customer Service employees employed by Defendant included the invoicing and

7

collection of payment for medical treatment provided to patients by doctors and hospitals who hired AAB for these services. When doctors and hospitals provided medical services to individual patients, billing for these services is provided to the patients' insurers. The insurance companies then generate a statement of benefits which provides coverage limitations and restrictions; these statements are sent to the doctors and hospitals who provided the services. In turn, these doctors and hospitals send the statements to AAB for actual invoicing and collection of the amounts owed by patients. Accounts Receivable Customer Service employees are responsible for generating the invoices based on the statements of benefits, sending the invoices to the individual patients, collecting the monies owed, and sending the money collected to the doctors and hospitals.

38. At all times during her employment with Defendant, Plaintiff Smolinski worked a minimum of 40 hours and up to 55 hours per week during each week of her employment with Defendant.

39. At all times during her employment with Defendant, Plaintiff Bournival worked a minimum of 40 hours and up to 50 hours per week during each week of her employment with Defendant.

40. At all times during her employment with Defendant, Plaintiff Hill worked a minimum of 40 hours and up to 42 hours per week during each week of her employment with Defendant.

41. At all times during his employment with Defendant, Plaintiff Malavé worked a minimum of 40 hours and up to 42 hours per week during each week of his employment with Defendant.

42. At all times during her employment with Defendant, Plaintiff Rinaldi worked a minimum of 40 hours and up to 47 hours or more per week during each week of

her employment with Defendant.

43. At all times during her employment with Defendant, Plaintiff Francis worked a minimum of 40 hours and up to 50 hours per week during each week of her employment with Defendant.

44. At all times during their employment with Defendant, Plaintiffs and other similarly situated Accounts Receivable Customer Service employees were paid on an hourly basis for the first forty hours per week they worked. All hours worked over forty per week were paid on a "per diem" basis, i.e., for each hour over forty worked in a week, Plaintiffs and other similarly situated Accounts Receivable Customer Service employees were paid their regular hourly rate plus an additional three or four dollars per hour.

45. Defendants failed to pay Plaintiffs and other similarly situated Accounts Receivable Customer Service employees overtime at the rate of one and one-half times their regular hourly rate for all hours worked in excess of forty (40) per week.

46. Defendants have willfully violated the FLSA by knowingly and intentionally failing to pay plaintiffs and the FLSA Collective overtime wages for all of the hours they worked in excess of forty in a workweek.

47. Defendants have not made a good faith effort to comply with the FLSA with respect to plaintiffs' and the FLSA Collective's compensation.

48. Defendants were aware or should have been aware that the practices described in this Complaint were unlawful and have not made a good faith effort to comply with the FLSA with respect to the compensation of plaintiffs and the FLSA Collective.

49. Due to defendants' violations of the FLSA, plaintiffs and the FLSA Collective are entitled to recover their unpaid overtime wages, liquidated damages, reasonable attorneys' fees and costs of the action, and pre- and post-judgment interest.

## COUNT TWO: FAILURE TO PAY OVERTIME IN VIOLATION OF THE CONNECTICUT MINIMUM WAGE AGE

*(Brought on behalf of Plaintiffs and the Rule 23 Class)*

50. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

51. Under the CMWA and supporting Connecticut State Department of Labor Regulations, Defendant was required to pay plaintiffs and the Rule 23 Class one and one (1½) half times the regular rate of pay for all hours worked in excess of forty in a workweek.

52. Defendants have failed to pay plaintiffs and the Rule 23 Class the overtime wages to which they are entitled to under the CMWA.

53. Defendants have willfully violated the CMWA by knowingly and intentionally failing to pay plaintiffs and other the Rule 23 Class overtime wages.

54. Due to defendants' willful violations of the CMWA, plaintiffs and the Rule 23 Class are entitled to recover their unpaid overtime wages, reasonable attorneys' fees and costs of the action, liquidated damages, and pre- and post-judgment interest.

## COUNT THREE: QUANTUM MERUIT/UNJUST ENRICHMENT

*(Brought On Behalf of Plaintiffs and All Others Similarly Situated)*

55. Plaintiffs repeat and reallege all foregoing paragraphs as if fully set forth herein.

56. Defendant failed to pay monies owed and owing to plaintiffs and the Rule 23 Class for wages. Defendant has been unjustly enriched by this failure and justice requires that Defendant pay Plaintiffs and the Rule 23 Class for such monies owed and owing.

57. Due to Defendant's willful violations of the Connecticut common law, Plaintiffs and the Rule 23 Class are entitled to restitution.

58. Plaintiffs made significant contributions to the establishment and growth of Defendant.

59. The Plaintiffs conferred a valuable benefit upon the Defendant.

60. Plaintiffs provided the services with the expectation of receiving reasonable compensation.

61. Reasonable compensation must be paid to the Plaintiffs in order to avoid injustice and unjust enrichment.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective, and the Rule 23 Class, respectfully request that this Court enter a judgment:

    a.    authorizing the issuance of notice at the earliest possible time to all Accounts Receivable Customer Service employees who are presently working at, or who have worked at any time during the three years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, at American Adjustment Bureau, Inc.. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

    b.    declaring that Defendant violated the overtime provisions of the FLSA, the Connecticut Labor Law, and supporting Connecticut Department of Labor Regulations;

    c.    declaring that Defendant's violations were willful;

    d.    certifying this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

    e.    designating Plaintiffs as representatives of the Rule 23 Class and counsel of record as Class Counsel;

  f. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class damages for unpaid overtime wages;

  h. granting judgment in favor of Plaintiffs, the FLSA Collective, and the Rule 23 Class for compensatory damages due to Defendant's unjust enrichment;

  j. awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class liquidated damages in an amount equal to twice the total amount of the wages found to be due, pursuant to the FLSA and the CMWA;

  k.  awarding Plaintiffs, the FLSA Collective, and the Rule 23 Class reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest pursuant the FLSA and the CMWA; and

  l. such other and further relief in law or equity as the Court deems just and proper.

        PLAINTIFFS, INDIVIDUALLY, AND ON
        BEHALF OF ALL SIMILARLY SITUATED
        INDIVIDUALS

        By */s/ William G. Madsen*
          William G. Madsen (ct 09853)
          Madsen, Prestley & Parenteau, LLC
          402 Asylum Street
          Hartford, CT 06103
          (860) 246-2466
          wmadsen@mppjustice.com