**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

| | | |
|---|---|---|
| **LINDA SMOLINSKI, KIMBERLY** | : | **CIVIL ACTION NO.:** |
| **BOURNIVAL, LISA HILL, TROY MALAVÉ,** | : | |
| **KAREN RINALDI, and MICHELLE** | : | **3:18cv1211 (JGM)** |
| **FRANCIS, for themselves and all other** | : | |
| **similarly situated individuals,** | : | |
| **Plaintiffs** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **AMERICAN ADJUSTMENT BUREAU, INC.,** | : | November 20, 2019 |
| **Defendant** | : | |

JUDGMENT

A hearing was held on August 21, 2019, during which the Court heard the Parties' Joint Motion to Certify Class and for Approval of Settlement. The Court had previously entered an Order of Preliminary Approval appointing Class Counsel, approving notice to the Class, establishing deadlines for objections, setting a date for a final fairness hearing, certifying the Class, and preliminary approval of settlement. Having considered the written submissions of the parties, and having held a final fairness hearing and having considered the evidence and presentations by the Parties, it is hereby ORDERED, ADJUDGED, AND DECREED as follows:

1.    **Incorporation of Other Documents.** This Final Order Approving Class Action Settlement incorporates and makes a part hereof: (a) the signed Settlement Agreement, including all amendments and exhibits thereto, and definitions included therein, which was filed with this Court on July 17, 2019; (b) the briefs, affidavits, declarations, and other materials filed in support of the settlement and Class Counsel's request for an award of attorneys' fees and reimbursement of expenses; and (c) the record at the Fairness Hearing.

2.      **Jurisdiction.**  Because due, adequate, and the best practicable notice has been disseminated and all potential Class Members have been given the opportunity to exclude themselves from or object to this class action settlement, the Court has personal jurisdiction over all Class Members (as defined below). The Court has subject-matter jurisdiction over the claims asserted in the complaint and/or the Action pursuant to 28 U.S.C. §§ 1332 and 1367, including, without limitation, jurisdiction to approve the proposed settlement and the Settlement Agreement and all exhibits attached thereto, grant final certification of the Class, dismiss the Action on the merits and with prejudice, and issue related orders.  The Court finds that venue is proper in this district pursuant to 28 U.S.C. § 1391.

3.      **Final Class Certification.**  The Class preliminarily certified by this Court is hereby finally certified, for settlement purposes only, under Fed. R. Civ. P. 23(a), (b)3, and (c)2 with respect to claims under the Connecticut Minimum Wage Act, the Court finding that the Class fully satisfies all the applicable requirements of Fed. R. Civ. P. 23 and due process, and as a collective action for purposes of settlement only for the claims under the Fair Labor Standards Act.  The Class shall consist of all persons, who, during the Class Period, July 23, 2015 through January 31, 2019, were employed by American Adjustment Bureau, Inc., as a full-time billing lead or telephone representative in the self-pay billing department and classified by Defendant as exempt and may have worked in excess of 40 hours per work at some time between July 23, 2015 and January 31, 2019. Excluded from the Class is any person who opted out of the Class by notifying Class Counsel in the manner set out in Paragraph 9 of the Notice of Class Action Lawsuit Settlement and Fairness Hearing dated July 19, 2019.

4.      **Requests for Exclusion.**  The Court finds that only those individuals specifically listed on Exhibit A hereto, and no other member of the Class, have submitted timely and valid

requests for exclusion from the Class and are therefore not bound by this Final Order and accompanying Final Judgment. Attached hereto as Exhibit A is the list of individuals who submitted timely and valid requests for exclusion from the class and are therefore not bound by this Final Order and accompanying Final Judgment. All other members of the Class are bound by the terms and conditions of the Settlement Agreement, this Final Order, and accompanying Final Judgment. Class Counsel and American Adjustment Bureau, Inc.'s Counsel may mutually agree to allow additional Class Members to exclude themselves or to withdraw their exclusion requested by filing an appropriate notice with the Court.

5.    **Adequacy of Representation.** Class Plaintiffs, Linda Smolinski, Karen Rinaldi, Kimberly Bournival, Lisa Hill, Troy Malave, Jennifer Matthews and Michelle Francis, have adequately represented the Settlement Class for purposes of entering into and implementing the Settlement. William G. Madsen and Magdalena B. Wiktor of Madsen, Prestley & Parenteau, LLC, are experienced and adequate Class Counsel. Class Plaintiffs and Class Counsel have satisfied the requirements of Fed. R. Civ. P. 23(a)(4) and 23(g).

6.    **Class Notice.** The Court finds that the dissemination of the Class Notice and all other notice methods set forth in the Settlement Agreement:

a.    constituted the best practicable notice to Class Members under the circumstances of the Action;

b.    constituted notice that was reasonably calculated, under the circumstances, to apprise Class Members of (1) the pendency of this action; (ii) the terms of the proposed settlement; (iii) their rights under the proposed settlement; (iv) their right to exclude themselves from the Class and the proposed settlement; (v) their right to object to any aspect of the proposed settlement (including, but not limited to, final certification of the Settlement Class, the fairness,

reasonableness, or adequacy of the proposed settlement, the adequacy of the Class's representation by Plaintiffs or Class Counsel, and/or the award of attorneys' fees); (vi) their right to appear at the Fairness Hearing – either on their own or through counsel hired at their own expense – if they did not exclude themselves from the Class; and (vii) the binding effect of the Orders and Judgment in this action, whether favorable or unfavorable, on all persons who did not request exclusion from the Class;

    c.  constituted notice that was reasonable, due, adequate, and sufficient notice to all persons and entities entitled to be provided with notice; and

    d.  constituted notice that met all applicable requirements of the Federal Rules of Civil Procedure, 28 U.S.C. § 1715, the Due Process Clause of the United States Constitution, and any other applicable law, as well as complied with the Federal Judicial Center's illustrative class action notices.

    7.  **Final Settlement Approval.**  The Settlement Agreement, under which Defendant has agreed to pay $130,500.00 to resolve this matter ("the Settlement Amount"), is hereby approved by the Court.  The Court specifically finds that the terms and provisions of the Settlement Agreement, including all exhibits, have been entered into in good faith and are hereby fully and finally approved as fair, reasonable, and adequate as to, and in the best interests of, each of the Parties and the Class Members, and in full compliance with all applicable requirements of the Federal Rules of Civil Procedure, the Class Action Fairness Act (P.L. 109-2), the United States Constitution (including the Due Process Clause), and any other applicable law.  The Parties and Class Members are hereby directed to implement and consummate the Settlement Agreement according to its terms and provisions.  Class Counsel shall take all steps necessary and appropriate to provide Class Members with the benefits to which they are entitled under the terms of the

Settlement Agreement.

8.     **Binding Effect.**  The terms of the Settlement Agreement and of this Final Order and the accompanying Final Judgment shall be forever binding on Plaintiffs, American Adjustment Bureau, Inc., and all Class Members, as well as their heirs, executors and administrators, predecessors, successors and assigns, and those terms shall have res judicata and other preclusive effect in all pending and future claims, lawsuits, or other proceedings maintained by or on behalf of any such persons, to the extent those claims, lawsuits, or other proceedings involve matters that were or could have been raised in the Action or are otherwise encompassed by the Release.

9.     **Release.**  The Release, which is set forth in Section 4 of the Settlement Agreement, is expressly incorporate herein in all respects, including all defined terms used therein, is effective as of the date of this Final Order and the accompanying Final Judgment, and forever discharges the Released Parties from any claims or liabilities arising from or related to the Release.

10.    **Enforcement of Settlement.**  Nothing in this Final Order or in the accompanying Final Judgment shall preclude any action to enforce the terms of the Settlement Agreement; nor shall anything in this Final Order or in the accompanying Final Judgment preclude Plaintiffs or other Class Members from participating in the Claim Process described in the Settlement Agreement if they are entitled to do so under the terms of the Settlement Agreement.

11.    **Attorney's Fees and Expenses.**  Class Counsel are hereby awarded, from the Settlement Amount, attorneys' fees of $43,500, and reimbursement of their disbursements and expenses in the amount of $1,500.00, for a total of $45,000.00, which amount is approved as fair and reasonable, pursuant to Fed. R. Civ. P. § 23(h) and is in accordance with the terms of the Settlement Agreement. (The costs expended to date and expected to be expended in the future for fulfilling the terms of the Settlement Agreement are actually $1,501.33, but Class Counsel agrees

to cap its expenses at $1,500 as set out in the Settlement Agreement.) The Court finds that the above stated award of attorneys' fees is fair and reasonable in consideration of, among other things, the efforts of Class Counsel and the settlement they achieved for the Class, and that the amount of expenses is reasonable and were reasonably incurred in the course of the litigation.

12.     **Incentive Awards.**   The Court hereby awards, from the Settlement Amount, $5,000 to Plaintiff Linda Smolinski, $5,000 to Plaintiff Kim Bournival, $5,000 to Plaintiff Karen Rinaldi, $5,000 to Plaintiff Lisa Hill, $5,000 to Plaintiff Jennifer Matthews, $5,000 to Plaintiff Michelle Francis, and $1,000 to Plaintiff Troy Malave as incentive awards in their capacity as representative Plaintiffs in the Action.

13.     **No Other Payments.**   The preceding two paragraphs of this Final Order cover, without limitation, any and all claims against the Released Parties for attorneys' fees and expenses, costs, or disbursements incurred by Class Counsel of any other counsel representing Plaintiffs or Class Members, or incurred by Plaintiffs or other Class Members, or any of them, in connection with or related in any manner to the Action, the settlement of the Action, the administration of such settlement, and/or the Release, except to the extent otherwise specified in this Final Order and accompanying Final Judgment and the Settlement Agreement.

14.     **Modification of Settlement Agreement.**   The Parties are hereby authorized, without needing further approval from the Court, to agree to and adopt such amendments to, and modifications and expansions of, the Settlement Agreement, and all exhibits attached, as are consistent with this Final Order and the accompanying Final Judgment and do not limit the rights of Class Members under the Settlement Agreement.

15.     **Retention of Jurisdiction.**   The Court has jurisdiction to enter this Final Order and the accompanying Final Judgment. Without in any way affecting the finality of this Final Order

and/or the accompanying Final Judgment, this Court expressly retains jurisdiction as to all matters relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement and of this Final Order and the accompanying Final Judgment, and for any other necessary purpose, including, without limitation:

        a.      enforcing the terms and conditions of the Settlement Agreement and resolving any disputes, claims, or causes of action that, in whole or in part, are related to or arise out of the Settlement Agreement, this Final Order, or the accompanying Final Judgment (including, without limitation, whether a person or entity is or is not a Class Member and whether claims or causes of action allegedly related to this care are or are not barred by this Final Order and the accompanying Final Judgment);

        b.      entering such additional Orders as may be necessary or appropriate to protect or effectuate this Final Order and the accompanying Final Judgment, dismissing all claims on the merits and with prejudice, and permanently enjoining Class Members from initiating or pursuing related proceedings, or to ensure the fair and orderly administration of this settlement; and

        c.      entering into any other necessary or appropriate Orders to protect and effectuate this Court's retention of continuing jurisdiction; provided, however, that nothing in this paragraph is intended to restrict the ability of the Parties to exercise their rights under paragraph 14 or as otherwise provided in the Settlement Agreement.

      16.    **No Admissions.**  Neither this Final Order, the accompanying Final Judgment, nor the Settlement Agreement (nor any other document referred to herein, nor any action taken to carry out this Final Order or the accompanying Final Judgment) is, may be construed as, or may be used as an admission or concession by or against American Adjustment Bureau, Inc. or the Released

Parties of the validity of any claim or defense or any actual or potential fault, wrongdoing, or liability whatsoever.  American Adjustment Bureau, Inc. continues to deny that the Action meets the requisites for class certification under Fed. R. Civ. P. 23 for any purpose other than settlement. Entering into or carrying out the Settlement Agreement, and any negotiations or proceedings related to it, shall not in any event be construed as, or deemed evidence of an admission or concession as to American Adjustment Bureau, Inc.'s denials or defenses and shall not be offered or received in evidence in any action or proceeding against any Party hereto in any court, administrative agency, or other tribunal for any purpose whatsoever, except as evidence of the settlement or to enforce the provisions of this Final Order, the accompanying Final Judgment, and the Settlement Agreement; provided, however, that this Final Order and the Settlement Agreement may be filed in any action against or by American Adjustment Bureau, Inc., or the Released Parties to support a defense of res judicata, collateral estoppel, release, waiver, good-faith settlement, judgment bar or reduction, full faith and credit, or any other theory of claim preclusion, issue preclusion, similar defense, or counterclaim.

17.    **Final Judgment:**  The Court hereby directs that this judgment be entered by the clerk forthwith pursuant to Federal Rule of Civil Procedure 54b).  The direction of the entry of final judgment pursuant to Rule 54(b) is appropriate and proper because this judgment fully and finally adjudicates the claims of the Named Plaintiffs and the Settlement Class against Defendant in this action, allows consummation of the Settlement, and will expedite the distribution of the Settlement proceeds to the Named Plaintiffs and Class members.

/s/
_____
**Honorable Joan G. Margolis**
**United States Magistrate Judge**

## <u>EXHIBIT A</u>

## <u>LIST OF INDIVIDUALS OPTED-OUT OF CLASS ACTION SETTLEMENT</u>

| Name | Date of Receipt of Opt-Out | Document Number |
|------|---------------------------|-----------------|
| Karen A. Ryan | August 15, 2019 | 53 |